Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER NAPOLI,

*Plaintiff*,

v.

FIRST CHOICE LOAN SERVICES, INC., et al.,

*Defendants*.

Civil Action No. 19-7265
(JMV) (JAD)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Peter Napoli sues Defendants First Choice Loan Services, Inc. ("FCLS"), Berkshire Hills Bancorp, Inc. ("BHLB"), Norman Koenigsberg, and William Schneider (collectively, "Defendants") for violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), the New Jersey Law Against Discrimination ("NJLAD"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act ("ADA"). D.E. 1-1. Currently pending before the Court is Defendant BHLB's motion to dismiss, D.E. 4, and Plaintiff's cross-motion to amend his Complaint, D.E. 8.[1] The Court reviewed the parties' submissions[2] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and

---

[1] Plaintiff's cross-motion to amend his Complaint is raised for the first time in Plaintiff's opposition brief. D.E. 8, at 3. Plaintiff seeks to add Berkshire Bank and Berkshire Insurance Group, Inc. as additional defendants. *Id.*; *see also* D.E. 8-2. Although Plaintiff made a cross-motion, and the Court rules on it as such, going forward Plaintiff may also simply request leave to file an amended pleading if necessary.

[2] BHLB's brief in support of its motion to dismiss will be referred to as "Def.'s Br." (D.E. 4); Plaintiff's opposition will be referred to as "Pl.'s Opp." (D.E. 8). BHLB did not reply.

L. Civ. R. 78.1(b). For the following reasons, Defendant BHLB's motion to dismiss is **GRANTED**, and Plaintiff's cross-motion to amend is **GRANTED**.

I.  **BACKGROUND**

Defendant BHLB is a Delaware corporation that operates as a financial holding company. D.E. 4-3, Prescott Cert. ¶ 2. BHLB's headquarters is in Massachusetts. *Id.* ¶ 3. BHLB is the parent company of both Berkshire Bank and Berkshire Insurance Group, Inc.[3] *Id.* ¶¶ 1, 4. BHLB asserts that it is a legally and factually separate corporate entity, distinct from its subsidiaries Berkshire Bank and Berkshire Insurance Group, Inc. *Id.* ¶ 4. BHLB indicates that it has its own board of directors and officers, maintains its own independent corporate structure, and that its subsidiaries likewise have their own independent legal structure. *Id.* ¶ 4. BHLB contends that (1) it conducts no business in New Jersey; (2) does not own or lease any real estate, branch offices, executive offices, loan production offices, or operation centers in New Jersey; (3) has no office or mailing address in New Jersey; (4) does not pay New Jersey income, property, or franchise taxes; (5) has never been registered, licensed, or otherwise qualified to do business in New Jersey; (6)

---

[3] Berkshire Bank and Berkshire Insurance Group, Inc. are not defendants in this case. In fact, Plaintiff seeks to amend his Complaint to add Berkshire Bank and Berkshire Insurance Group, Inc. Pl.'s Opp. at 3, 8. Nonetheless, Plaintiff appears to conflate the separate entities of BHLB, Berkshire Bank, and Berkshire Insurance Group, Inc. as a single entity. For example, Plaintiff's Complaint appears to group BHLB and Berkshire Bank together as one entity. *See* Compl. ¶¶ 2-3. Moreover, Plaintiff's opposition brief refers to BHLB as "Berkshire Hills Bancorp, Inc. [] d/b/a Berkshire Bank and Berkshire Insurance Group, Inc. (hereinafter the "Berkshire Entities" and "Berkshire Bank"). Pl.'s Opp. at 2. On the other hand, Plaintiff's opposition brief appears to acknowledge that Berkshire Bank and Berkshire Insurance Group, Inc are wholly owned subsidiaries of BHLB, citing as support Defendant's own certification, which explains that "BHLB is a legally and factually separate corporate entity, distinct from its subsidiaries Berkshire Bank and Berkshire Insurance Group, Inc." Pl.'s Opp. at 3; D.E. 4-3, Prescott Cert. ¶¶ 1, 4. Moreover, Plaintiff's own certification appears to acknowledge that BHLB is the parent company of Berkshire Bank, which appears to be the parent company of FCLS. D.E. 8-1, Napoli Cert. ¶¶ 4, 7, 8. To the extent Plaintiff is contending that BHLB is the "alter ego" of its subsidiaries, the Court finds this argument unpersuasive and addresses it below.

2

has not appointed a registered agent for service of process in New Jersey; (7) does not manufacture, provide, or place into the stream of commerce in New Jersey any product or any service, including banking, insurance, or mortgage services; and (8) does not engage in any advertising business in New Jersey. *Id.* ¶¶ 5-10.

Defendant FCLS was Plaintiff's employer from May 2009 until his termination in 2018. D.E. 8-1, Napoli Cert. ¶ 2; Compl. ¶¶ 5, 8. Defendant Koenigsberg is the COO and Senior Executive Vice President of FCLS; Defendant Schneider is the Senior Vice President Consumer Director of FCLS. Napoli Cert. ¶¶ 9-10. FCLS is a subsidiary of Berkshire Bank, which is itself a subsidiary of BHLB. Pl.'s Opp. at 3; Def.'s Br. at 9.

Plaintiff was employed by FCLS from 2009 to 2018. Compl. ¶¶ 5, 8; Napoli Cert. ¶ 2. Plaintiff alleges that from 2010 until his termination in 2018, Mr. Koenigsberg "embezzled money from FCLS and required Plaintiff and other FCLS employees" to participate. Compl. ¶ 8. Plaintiff claims that he "objected countless time[s] from 2010-2018 to Mr. Koenigsberg" and that "[e]ach time [] Plaintiff objected . . . Mr. Koenigsberg and Mr. Schneider expressed anger towards him and retaliated against him." *Id.* ¶ 15-16. Plaintiff was terminated in October 2018. *Id.* ¶ 25.

Plaintiff initially filed his Complaint in state court, but Defendants subsequently removed the case to this Court on February 28, 2019. D.E. 1. Defendants FCLS, Koenigsberg, and Schneider answered the Complaint on March 25, 2019. D.E. 3. That same day, Defendant BHLB moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6). D.E. 4. Plaintiff filed opposition, D.E. 8, to which Defendant BHLB did not reply.

3

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a case for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). In such a motion to dismiss, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only establish a prima facie case of personal jurisdiction." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court "take[s] the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). However, once a defendant raises a jurisdictional defense, the "plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.* In other words, a court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Otsuka*, 106 F. Supp. 3d at 462 (citing *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). In addition, a court "may always revisit the issue of personal jurisdiction if later revelations reveal that the facts alleged in support of jurisdiction remain in dispute." *Otsuka*, 106 F. Supp. 3d at 462 n.5 (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009)).

## III. LAW AND ANALYSIS

A federal court "engages in a two-step inquiry to determine whether it may exercise personal jurisdiction": (1) "whether the relevant state long-arm statute permits the exercise of jurisdiction," and (2) "if so, [whether] the exercise of jurisdiction comports with due process"

4

under the Fourteenth Amendment. *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998)); *see also* Fed. R. Civ. P. 4(k)(1)(A) (indicating that service "establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). "New Jersey's long-arm statute extends the state's jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction." *Id.* (citing *IMO Industries*, 155 F.3d at 259). Accordingly, the two steps are collapsed into one and "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted). In other words, to establish personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

"Personal, or in personam, jurisdiction, [generally] divides into two groups: 'specific jurisdiction' and 'general jurisdiction.'" *Display Works*, 182 F. Supp. 3d at 172 (citing *Burger King*, 471 U.S. at 472 n. 14 (1985)). Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014)). General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Id.* (quoting *Walden*, 571 U.S. at 284 n.6). If a defendant is subject to a forum's general jurisdiction, the defendant can

5

be sued there on any matter. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If, however, a defendant is solely subject to specific jurisdiction, the defendant may only face suit in the forum if its activities concerning the forum are related to the claims in the suit. *Id.*

### A. General Personal Jurisdiction

General jurisdiction may be asserted over an out-of-state corporation "when [its] affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* For an entity, its "place of incorporation and principal place of business are paradigm bases for general jurisdiction[.]" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal quotation marks omitted). If general jurisdiction is established, a court may hear any and all claims against the defendant. *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919.

Here, Plaintiff has not demonstrated that the Court has general personal jurisdiction over BHLB. It appears that BHLB is neither incorporated in New Jersey nor has its principal place of business in New Jersey.[4] Rather, BHLB's uncontested certification demonstrates that it is

---

[4] Plaintiff appears to misconstrue the standard for general personal jurisdiction. Plaintiff states in his Complaint that "Defendants maintain one of their corporate headquarters at [sic] 'nerve center' is [sic] in the State of New Jersey." Compl. ¶ 2. However, Plaintiff does not specify which of the Defendants is headquartered in New Jersey. Moreover, Plaintiff's opposition brief states that "Berkshire Bank maintains one of their 'nerve centers' in the State of New Jersey and specifically, the East Brunswick, New Jersey office at which Plaintiff worked." Pl.'s Opp. at 2. Again, however, Plaintiff appears to conflate BHLB with Berkshire Bank and Berkshire Insurance Group, Inc. Plaintiff then proceeds to argue that the Court has *subject matter* jurisdiction – as opposed to *personal* jurisdiction – because "a corporation shall be deemed to be a citizen of every State . . . by which is has been incorporated and of the State . . . where it has its principal place of business" (quoting 28 U.S.C. § 1332(c)(1)). Pl.'s Opp. at 6. Plaintiff then argues that "the Supreme Court has adopted a 'nerve center' test to identify a corporation's principal place of business" which "should normally be the place where the corporation maintains its headquarters[.]" Pl.'s Opp. at 6. First, Defendants do not dispute the existence of subject matter jurisdiction, as Defendants removed this action to federal court based on federal question subject matter jurisdiction. D.E. 1, Notice of Removal ¶ 4. Second, and most importantly, Plaintiff provides no evidence to support

6

incorporated in Delaware with its principal place of business in Massachusetts. D.E. 4-3, Prescott Cert. ¶¶ 2-3. Moreover, Plaintiff fails to establish that this is an "exceptional case" that warrants the exercise of general jurisdiction. *See Daimler*, 571 U.S. at 139 n.19. Accordingly, the Court lacks general personal jurisdiction over BHLB.

**B. Specific Personal Jurisdiction**

Specific jurisdiction requires the defendant to have "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (internal citations and quotation marks omitted). The Third Circuit has developed a three-part test in determining whether specific personal jurisdiction exists as to a particular defendant. *O'Connor*, 496 F.3d at 317 (internal quotation marks omitted). First, the defendant must have "purposefully directed [its] activities at the forum."[5] *Id.* (internal quotation marks omitted). Second, the litigation must "arise out of or relate to at least one of those activities." *Id.* (internal quotation marks omitted). Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id.* (internal quotation marks omitted).

Here, Plaintiff has not demonstrated that the Court has specific personal jurisdiction over BHLB. The Complaint merely alleges that "Defendants maintain one of their corporate

---

his contention that BHLB's principal place of business is in New Jersey, nor does Plaintiff contest BHLB's certification to the contrary.

[5] This factor has also been characterized as "purposeful availment." *Burger King*, 471 U.S. at 475. The factor focuses on contact that the defendant itself created with the forum State. *Id.* The "purposefully directed" or "purposeful availment" requirement is designed to prevent a person from being haled into a jurisdiction "solely as the result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person." *Id.* (internal quotation marks omitted) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)); *World-Wide Volkswagen Corp.*, 44 U.S. at 299; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

7

headquarters at [sic] 'nerve center' is [sic] in the State of New Jersey" and that "Defendants transact business throughout the United States and New Jersey[.]" Compl. ¶ 2. But the Complaint does not indicate which specific Defendants have their headquarters in New Jersey, nor which specific Defendants transact business in New Jersey. Indeed, the Complaint fails to allege any facts from which the Court could reasonably infer that BHLB purposely directed any activity toward New Jersey. In fact, Plaintiff does not dispute BHLB's certification in support of its motion, which states that (1) it conducts no business in New Jersey; (2) does not own or lease any real estate, branch offices, executive offices, loan production offices, or operation centers in New Jersey; (3) has no office or mailing address in New Jersey; (4) does not pay New Jersey income, property, or franchise taxes; (5) has never been registered, licensed, or otherwise qualified to do business in New Jersey; (6) has not appointed a registered agent for service of process in New Jersey; (7) does not manufacture, provide, or place into the stream of commerce in New Jersey any product or any service, including banking, insurance, or mortgage services; and (8) does not engage in any advertising business in New Jersey. D.E. 4-3, Prescott Cert. ¶¶ 5-10.

Plaintiff responds that personal jurisdiction exists for a myriad of reasons, including:

> (1) [BHLB], Berkshire Bank and Berkshire Insurance Group, Inc. admittedly advertise to the public as doing business in New Jersey; (2) [BHLB], Berkshire Bank and Berkshire Insurance Group, Inc. [s]hare a website; (3) [t]he Berkshire Entities[6] advertise to the public that one of its corporate office addresses [is] in . . . New Jersey, where Plaintiff worked; (4) FCLS is the wholly owned subsidiary of Berkshire Bank[,] which is a wholly owned subsidiary of [BHLB]; (5) Berkshire Insurance Group, Inc. is a wholly owned subsidiary of [BHLB]; (6) Berkshire Bank is a wholly owned subsidiary of [BHLB]; (7) Plaintiff and [Mr. Koenigsberg and Mr. Schneider] are all employees of the Berkshire Entities[.]; (8) all human resources and other administrative work were done by Amy Nelson, an employee of the Berkshire Entities; (9) all FCLS loans are processed

---

[6] Plaintiff at times collectively refers to BHLB, Berkshire Bank, and Berkshire Insurance Group, Inc. as the "Berkshire Entities." Pl.'s Opp. at 2.

8

> on behalf of Berkshire Bank in its [] New Jersey office; (10) Defendant [Koenigsberg], one of Plaintiff's harassers . . . work[ed] out of the [] New Jersey office; (11) Plaintiff met with representatives about his employment in New Jersey; and (12) Plaintiff was discriminated against, harassed and brought his whistleblower claims in the Berkshire Entities' office in New Jersey to employees of the Berkshire Entities who live and work in New Jersey.

Pl.'s Opp. at 10-11. However, Plaintiff fails to allege sufficient facts from which the Court can reasonably infer that BHLB, itself, purposefully directed any activity toward New Jersey, much less that the current litigation arose out of, or related to, at least one of those activities. *Burger King Corp.*, 471 U.S. at 472 (explaining that specific jurisdiction requires the defendant to have "purposefully directed his activities at residents of the forum and the litigation result[] from alleged injuries that arise out of or relate to those activities"). The Court finds that Plaintiff has not carried its "burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

Lastly, Plaintiff argues that there exists personal jurisdiction over BHLB because BHLB, Berkshire Bank, and Berkshire Insurance Group, Inc., collectively, "are one employer pursuant to applicable law." Pl.'s Opp. at 9-10. It appears that Plaintiff seeks to impute the jurisdictional contacts of Berkshire Bank and Berkshire Insurance Group, Inc. onto BHLB under an "alter ego" theory. However, even assuming Berkshire Bank and Berkshire Insurance Group, Inc. have sufficient contacts with New Jersey, "[i]t is well-established in New Jersey that the forum contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership." *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609 (D.N.J. 2004) (citing *State, Dep't of Environ. Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983)). "In this context, courts in this Circuit will consider 'whether the subsidiary was merely the alter ego or agent of the parent, and whether the independence of the separate

corporate entities was disregarded.'" *Id.* (quoting *Lucas v. Gulf & Western Indus., Inc.*, 666 F.2d 800, 806 (3d Cir. 1981)).

To this point, courts will not pierce the corporate veil of a wholly-owned subsidiary vis-à-vis its parent entity unless "(1) 'the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent,' and (2) 'the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law.'" *Pathfinder Mgt., Inc. v. Mayne Pharma PTY*, No. 06-2204, 2008 WL 3192563, at *5 (D.N.J. Aug. 5, 2008) (quoting *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 149 (3d Cir. 1988); *see also Seltzer*, 339 F. Supp. 2d at 610 ("In New Jersey, a subsidiary will be deemed to be the alter ego or 'mere instrumentality' of its parent if 'the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent.'") (quoting *State, Dept. of Envtl. Protec. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983)). "Various factors may be considered in making these determinations, including, *inter alia,* failure to observe corporate formalities, gross undercapitalization, absence of corporate records, siphoning of funds of the corporation, and the corporation's existence as a façade for the operations of the dominant stockholder." *Westfield Ins. Co. v. Interline Brands, Inc.*, No. 12-6775, 2013 WL 6816173, at *21 (D.N.J. Dec. 20, 2013) (citing *Craig*, 843 F.2d at 150 (3d Cir. 1988)).

Here, Plaintiff provides no factual allegations to suggest that BHLB so dominated Berkshire Bank or Berkshire Insurance Group, Inc. such that the subsidiaries "had no separate existence but [were] merely a conduit for [BHLB]," much less any factual allegations suggesting that BHLB "abused the privilege of incorporation by using [its] subsidiar[ies] to perpetrate a fraud or injustice, or otherwise to circumvent the law." *See Pathfinder Mgt., Inc.*, 2008 WL 3192563, at *5. Indeed, BHLB asserts that "it is a legally and factually separate corporate entity, distinct

from its subsidiaries[] Berkshire Bank and Berkshire Insurance Group, Inc." Prescott Cert. ¶ 4. BHLB also asserts that it "has its own board of directors and officers and maintains its own independent corporate structure," and that BHLB's subsidiaries likewise "maintain[] [their] own independent corporate, partnership, or limited liability company status, identity, and structure." *Id.* Plaintiff provides no evidence to the contrary, nor sets forth any facts otherwise showing that BHLB is an "alter-ego" of its subsidiaries. Accordingly, BHLB's subsidiaries' forum contacts, if any, will not be imputed to BHLB.

In sum, after having looked at the evidence in the light most favorable to Plaintiff, as well as "considering New Jersey's strong presumption against attributing a subsidiary's forum contacts to its corporate parent," *Seltzer*, 339 F. Supp. 2d at 613, the Court finds that Plaintiff has failed to establish "with reasonable particularity sufficient contacts between [BHLB] and the forum state."[7] *Otsuka*, 106 F. Supp. 3d at 462. Therefore, BHLB's motion to dismiss for lack of personal jurisdiction is granted.[8]

---

[7] The Court notes that Plaintiff has not requested jurisdictional discovery. As explained by the Third Circuit, "[a]lthough the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citation omitted) (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). In other words, "[i]f a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (internal citation omitted) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Here, however, Plaintiff has not requested jurisdictional discovery, and Court declines to provide it *sua sponte*.

[8] Defendant also moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). D.E. 4. However, because the Court finds the issue of personal jurisdiction to be dispositive, the Court does not reach the issue of whether Plaintiff has plausibly alleged a claim. The Court does note, though, that BHLB provided only a one-page analysis regarding its motion to dismiss for failure to state a claim, *see* Def.'s Br. at 12, to which Plaintiff did not respond.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant BHLB's motion to dismiss for lack of personal jurisdiction, D.E. 4. Plaintiff's cross-motion to amend his Complaint is granted. Pl.'s Opp. at 3, 8. Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff fails to do so, then his Complaint as to BHLB will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: January 3rd, 2020

*[signature]*
John Michael Vazquez, U.S.D.J.